UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRED LUCERO,

    Plaintiff,

  v.

PATRICIA COX,

    Defendant.

**ORDER**

On January 13, 2017, Defendant Patricia Cox, proceeding pro se, filed a Notice of Removal of this unlawful detainer action from the Sacramento County Superior Court.[1] ECF No. 1.  This Court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (internal citation omitted).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  As explained below, Defendant has failed to meet that burden.

---

[1] Despite Defendant's pro se status, the undersigned revokes any actual or anticipated referral to a Magistrate Judge.  See E.D. Cal. Local R. 302(c)(21).

1 | The Notice of Removal is premised on the argument that this Court has federal jurisdiction pursuant to 28 U.S.C. § 1331.  ECF No. 1 at 2.  However, a review of the Complaint reveals that Plaintiff does not allege any federal claims; instead, Plaintiff alleges only unlawful detainer under state law.  ECF No. 1 at 7–9.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the fact of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

Here, Plaintiff's one cause of action is for unlawful detainer under state law.  At most, Defendants argue that they have a defense under federal law.  "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted).  Therefore, this Court lacks jurisdiction under 28 U.S.C. § 1331.[2]

Accordingly:

1. The action is REMANDED to the Sacramento County Superior Court.
2. The Clerk of Court is directed to serve a certified copy of the order on the Clerk of the Sacramento County Superior Court, and reference the state case

---

[2] Nor has Defendant established that this Court has diversity jurisdiction, since the Notice of Removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000. See Fed. Home Loan Mortg. Corp. v. Cantillano, No. CV 12-01641 GAF (CMx), 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").

number (No. 16 UD 07700) in the proof of service.

3. Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot.

4. The Clerk of Court is directed to close this case and vacate all dates.

5. The Clerk of the Court is ordered not to open another case removing the following unlawful detainer action: No. 16 UD 07700.

IT IS SO ORDERED.

Dated:  January 13, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE